UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BOGUMIL JAROSZ,

                       Plaintiff,

- against -

1261 49 HOLDINGS, LLC, HAROLD KLEIN, and "STEVEN" (Defendant whose last name is currently unknown),

                       Defendants.

Civil Docket No.:

**COMPLAINT**

## NATURE OF THE ACTION

1. Plaintiff, BOGUMIL JAROSZ ("Plaintiff"), brings this action against Defendants, 1261 49 HOLDINGS, LLC, HAROLD KLEIN, and "STEVEN" (Defendant whose last name is currently unknown) (collectively "Defendants"), to seek redress for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, New York Labor Law ("NYLL") § 193 and 195, *et. seq.*, 12 N.Y. Codes, Rules, and Regulations ("NYCRR") § 142 *et. seq.*, New York State Executive Law § 296(1)(e), *et. seq.*, and applicable regulations.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims set forth herein pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because these claims involve federal questions regarding the deprivation of his rights under federal law.

3. This Court has supplemental jurisdiction over the NYLL, NYCRR, and New York State Executive Claims, claims set forth herein pursuant to 28 U.S.C. § 1367 because these claims closely relate to the federal claims under FLSA, having arisen from a common nucleus of operative facts, such that they form part of the same case or controversy.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside within the Eastern District of New York and a substantial part of the events or omissions giving rise to the claim occurred therein.

## PARTIES

5. Plaintiff, BOGUMIL JAROSZ, is an individual residing in the State of New York.

6. Defendant, 1261 49 HOLDINGS, LLC, is a limited liability company registered and authorized to do business in the State of New York.

7. Defendants, HAROLD KLEIN and "STEVEN" (Defendant whose last name is currently unknown), are the owners and operators of Defendant, 1261 49 HOLDINGS, LLC. They are sued in their individual capacity as Plaintiff's employers.

8. At all times relevant and material to this action, Defendants employed Plaintiff to work at their properties located within the State of New York and have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

9. As set forth below, and at all times relevant and material to this action, Defendants constituted Plaintiff's "employers" under the FLSA and the NYLL in that they had the power to hire and fire Plaintiff, control the terms and conditions of his employment, maintain employment records, and determine the rate and method of compensation provided to him.

10. Upon information and belief, and as described below, Defendant, 1261 49 HOLDINGS, LLC, constitutes an "enterprise" under the FLSA and engaged in commerce whose gross annual revenue is at least $500,000.

11. As more fully set forth below, Plaintiff has been regularly involved in interstate commerce as Defendants' employee by handling goods and materials that moved in commerce and originated out of state.

## FACTS

12. At all relevant times herein, Defendant, 1261 49 HOLDINGS, LLC, was real estate holding company.

13. At all relevant times herein, Defendants, 1261 49 HOLDINGS, LLC, HAROLD KLEIN, and "STEVEN" (Defendant whose last name is currently unknown), maintained a practice and policy of assigning Plaintiff to work more than forty ("40") hours per week without providing the proper hourly compensation for all hours worked, overtime compensation for all hours worked in excess of 40 hours in any given week, and "spread of hours" wages compensation.

14. Defendants' failure to comply with the FSLA, NYLL, and NYCRR, caused Plaintiff to suffer loss of wages and interest thereon.

15. At relevant times herein, Plaintiff's work was performed in the normal course of Defendants' business and did not involve executive or administrative responsibilities.

16. Plaintiff has been employed by Defendants since approximately May 1, 2024.

17. Plaintiff works as a handyman and cleaner at Defendants' properties located at 1261-1271 49th Street in Brooklyn, New York.

18. From approximately May 1, 2024, through March 31, 2025, Plaintiff usually worked seven ("7") days a week for ten ("10") to fifteen ("15") hours a day.

19. Defendants also require Plaintiff to be available for calls regarding various "emergencies" occurring within their properties both during the day and late at night.

20. Plaintiff receives five hundred thirty-eight dollars per week ($538.00) regardless of how many hours a week he works.

21. Plaintiff has lodged repeated complaints with Defendants concerning the failure to compensate him for overtime, the imposition of excessively burdensome and inhumane working

hours, and the requirement that he perform repairs and construction work for which he lacked the requisite training, experience, and qualifications.

22. In approximately March of 2025, Defendants retaliated against the Plaintiff by reducing his workweek to thirty ("30") hours per week.

23. Despite this reduction, Defendants continue to require the Plaintiff to attend to the "emergency" calls at any time during the day or night.

24. At all relevant times herein, Plaintiff did not receive pay for all hours he worked for the Defendants.

25. At all relevant times, Plaintiff did not receive minimum wage as mandated within the NYCRR.

26. At all times relevant herein, Defendants have maintained a policy and practice of requiring Plaintiff to regularly work in excess of eight hours per day, without providing overtime compensation and "spread of hours" compensation.

27. Plaintiff's pay was frequently delayed.

28. Plaintiff did not receive wage statements from Defendants for the majority of the duration of his employment.

29. Defendants' failure to pay Plaintiff minimum wage, overtime pay, and "spread of hours" compensation, as well as to provide him with wage statements, was willful and lacked a good faith basis.

30. On or about July 16, 2025, Defendants attempted to force the Plaintiff to sign a document whereby Plaintiff would "release and discharge all claims under federal and state wage and hour laws" in exchange for unspecified consideration which was not provided anywhere in the document.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Unpaid Overtime under FLSA)

31. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

32. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

33. At all relevant times, Defendants failed to pay Plaintiff the overtime premium for hours worked in excess of forty ("40") hours per week at a rate of one-and-a-half times their regular rate in violation of 29 U.S.C. § 201 *et. seq.*

34. Defendants' foregoing conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

35. As a result of the foregoing violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
(Unpaid Overtime under NYLL)

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

37. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

38. NYLL § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."


39. Plaintiff worked more than forty ("40") hours a week while working for Defendants.

40. At all relevant times to this action, Defendants failed to pay Plaintiff the applicable overtime hourly rate for all hours worked in excess of forty ("40") per work week, in violation of NYLL § 650 et seq. and 12 NYCRR § 142-2.2.

41. Defendants' failure to pay wages and overtime compensation to Plaintiff for work performed after the first forty ("40") hours worked in a week was willful.

42. By the foregoing reasons, Defendants have violated NYLL § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### (Unpaid Wages under NYLL)

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

44. Pursuant to Article Six of the NYLL, workers such as the Plaintiff are protected from wage underpayments and improper employment practices.

45. Pursuant to Labor Law § 191, and the cases interpreting same, workers such as Plaintiff are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

46. Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff that is not otherwise authorized by law or by the employee.

47. Defendants have failed to pay Plaintiff all wages due for the hours he worked for Defendants.

48. Pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions by withholding wages owed to Plaintiff.

49. Defendants' failure to comply with the NYLL caused Plaintiff to suffer loss of wages and interest thereon.

50. Defendants' failure to comply with the NYLL was willful.

51. Due to Defendants violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

<center>**FOURTH CAUSE OF ACTION**
(Unpaid Minimum Wage under NYLL)</center>

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

53. Title 12 NYCRR § 142-2.1 states that, "(a) [t]he basic minimum hourly rate shall be, for each hour worked in: (1) New York City for (i) Large employers of eleven or more employees: (1) $7.15 per hour on and after January 1, 2007; (2) $7.25 per hour on and after July 24, 2009; (3) $8.00 per hour on and after December 31, 2013; (4) $8.75 per hour on and after December 31, 2014; (5) $9.00 per hour on and after December 31, 2015; $11.00 per hour on and after December 31, 2016; $13.00 per hour on and after December 31, 2017; $15.00 per hour on and after December 31, 2018; $16.50 per hour on and after January 1, 2025…"

54. NYLL § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

55. At all relevant times to this action, Plaintiff was Defendants' employees within the meaning of New York Labor Law §§ 190(2) and 651(5) and 12 NYCRR § 142-2.14. 51. At all relevant times to this action, Defendant was the employer of the Plaintiffs within the meaning of New York Labor Laws § 190(3) and 651(6).

56. As a result of Defendants' violations, Plaintiff is entitled to recover from Defendants his

unpaid minimum wages, in an amount to be determined at trial, plus interest, attorneys' fees and costs pursuant to New York Labor Law § 190 *et seq.*, and § 650 *et seq.*

## FIFTH CAUSE OF ACTION
### ("Spread of Hours" under the NYCRR)

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

58. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours."

59. Defendants required that Plaintiff typically work more than ten ("10") hours in a day.

60. At all times relevant to this action, Defendants failed to pay Plaintiff the "spread of hours" premium required by 12 NYCRR § 142-2.4.

61. Defendants' failure to pay "spread of hours" compensation for work performed by Plaintiff after ten ("10") hours in a day was willful.

62. By the foregoing reasons, Defendant has violated 12 NYCRR § 142-2.4 and are liable to Plaintiff in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### (Retaliation under the FLSA)

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

64. Fair Labor Standards Act § 215(a)(3) provides in pertinent part that, "it shall be unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter."

65. The Defendants herein violated Fair Labor Standards Act § 215(a)(3) herein by retaliating against the Plaintiff with respect to the terms, conditions, and/or privileges of employment on the basis of Plaintiff's opposition to Defendants' inherently unlawful practices.

66. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
(Retaliation under the New York State Executive Law)

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

68. New York State Executive Law § 296(1)(e) provides in pertinent part that, "[i]t shall be an unlawful discriminatory practice…(f)or any employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

69. The Defendants herein violated Executive Law § 296(1)(e) herein by retaliating against the Plaintiff with respect to the terms, conditions, and/or privileges of employment on the basis of Plaintiff's opposition to Defendants' inherently unlawful practices.

70. By the foregoing reasons, Defendants have violated New York State Executive Law § 296(1)(e) and are liable to Plaintiff in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## EIGHT CAUSE OF ACTION
(Failure to Provide Wage Statements under NYLL)

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

72. New York Labor Law § 195(3) requires employers to "furnish each employee with a statement with every payment of wages."

73. At all times relevant to this action, Defendants failed to furnish Plaintiff with wage statements as required by NYLL § 195(3).

74. Defendants' failure to furnish Plaintiff with wage statements was willful.

75. By the foregoing reasons, Defendants have violated NYLL § 195(3) and are liable to Plaintiff in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following:

76. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL.

77. A compensatory award of unpaid compensation, at the statutory overtime rate, due to Plaintiff under the FLSA and the NYLL.

78. A compensatory award of unpaid wages under the FLSA and the NYLL.

79. An award of liquidated damages as a result of Defendants' willful failure to pay wages and statutory overtime compensation pursuant to 29 U.S.C. § 216.

80. An award of liquidated damages as a result of Defendants' willful failure to pay wages and statutory overtime compensation pursuant to the NYLL.

81. An award of statutory penalties for Defendants' failure to provide Plaintiff with wage statements pursuant to the NYLL.

82. An award of back pay.

83. An award of punitive damages.

84. An award of pre- and post-judgment interest.

85. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and such other and further relief this Court deems just and proper.

Dated: August 25, 2025
       Brooklyn, New York

                              JODRE BRENECKI, LLP

                              Nicole Brenecki, Esq.
                              101 North 10th Street – Suite 303
                              Brooklyn, NY 11249
                              T.: (347) 563-2605
                              Email: nicole@jodrebrenecki.com